IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

April 15, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

SANDRA BAKER NORRIS          )  SULLIVAN COUNTY
                             )  03A01-9807-CH-00238
      Plaintiff-Appellee     )
                             )
                             )
      v.                     )  HON. RICHARD E. LADD,
                             )  JUDGE
                             )
DIMITRIOS MICHAEL GOUNARIS,  )
et ux., LILA RICHANI GOUNARIS, )
and J. R. MILHORN, JR., et ux., )
RUBY M. MILHORN and SHAUKI A. )
RICHANI                      )
                             )  AFFIRMED AS MODIFIED
      Defendants-Appellants  )  and REMANDED


MICHAEL A. EASTRIDGE OF JOHNSON CITY FOR APPELLANTS

DAVID W. TIPTON OF BRISTOL FOR APPELLEE


O P I N I O N


                              Goddard, P.J.


      This is a suit wherein Plaintiff Sandra Baker Norris

seeks a declaration of the rights she acquired by an easement

conveyed to her by J. R. Milhorn, Jr., and his wife.


      Mr. and Mrs. Milhorn, who owned the servient estate,

thereafter conveyed it to Defendants Dimitrios Michael Gounaris

and his wife Lila Richani Gournaris, and they in turn purported to convey the right to use the right-of-way to Mrs. Gournaris' brother, Shauki Rachini, who owned an adjacent lot acquired from a third person.

After an evidentiary hearing the Trial Court decreed the following:

> 1.  That the plaintiff, Sandra Baker Norris has the exclusive right to locate a water line within the easement, and the water lines located therein by Dimitrios Michael Gounaris and wife, Leila Richani Gounaris and Shauki A. Richani shall be removed, and the easement restored to the condition the same as before they were located therein.
>
> 2.  That the use of the right-of-way is exclusive to the plaintiff, Sandra Baker Norris and the defendants, Dimitrios Michael Gounaris and wife, Leila Richani Gounaris, and their successors in interests. That the deed of right-of-way executed by Dimitrios Michael Gounaris and wife, Leila Richani Gounaris to the defendant, Shauki A. Richani dated July 1, 1996 and recorded in the Register's Office for Sullivan County at Blountville, Tennessee in Deed Book 1152C, page 311 is hereby declared void and for naught.
>
> 3.  That the plaintiff, Sandra Baker Norris and the defendants, Dimitrios Michael Gounaris and wife, Leila Richani Gounaris shall be equally responsible for the maintenance of the right-of-way located across the Gounaris property.
>
> 4.  That the costs of this cause are taxed to the Defendants.

The Defendants appeal contending the Trial Court misconstrued the initial instrument conveying the right-of-way to Ms. Norris and raise the following issues:

2

1.    Whether the servient tenement owners are permitted to lay their own, separate water pipeline on their own property for their own personal use within an easement created for the benefit of the owner of the dominant tenement where the servient tenement owner has retained a right to use the easement for "private purposes".

2.    Whether the grant of an easement appurtenant for ingress and egress in favor of a dominant tenement, subject to the shared use by the owner of the dominant tenement, creates an exclusive right to use the easement by the owner of the dominant tenement where the grant of easement for ingress and egress does not contain language of exclusivity.

The pertinent provisions of the right-of-way deed to Ms. Norris are as follows:

There is also conveyed to the party of the second part her heirs and assigns the exclusive right to construct and maintain a water pipeline over the entire length of the right-of-way which pipeline shall not be subject to use by any other party or parties without appropriate conveyance of such right to them by the party of the second part her heirs or assigns.

The parties of the first part shall have a right to use the right-of-way on their property for their private purposes and so long as they shall own the underlying property the party of the second part shall maintain the right-of-way.  In the event the parties of the first part shall convey the property over which the right-of-way traverses then the new owner of such property shall thereafter be responsible for satisfying one-half of the maintenance of the right-of-way if used by such new owner.

Our reading of the record and the briefs of the parties persuades us that the Trial Court, based upon the circumstances of the transfer, was correct in his determination of the issues raised and that, except as slightly modified as hereinafter set

3

out, this is an appropriate case for affirmance under Rule 10(a) of this Court.[1]

In reaching our decision we are not unmindful of the cases cited by the Defendants in support of their position.

We have reviewed those cases and conclude that they are not determinative. For example, they cite the case of House v. Close, 48 Tenn.App. 341, 346 S.W.2d 445 (1961), for the proposition that "'exclusive' does not mean that the easement must be used by one person only." The Court in that case, however, was addressing the word "exclusive" in the context of a prescriptive right and found that the rule requiring exclusive use by the one claiming the prescriptive right did not mean to the exclusion of all others, but rather "against the community or the public at large."

The Defendants also cite Stanton v. Herbert & Sons, 141 Tenn. 440 (1918). In that case the complainants' predecessor in title conveyed to the complainants an island in the Cumberland River, some 20 miles above Nashville. This deed contained a reservation which permitted the grantors the privilege of removing sand from the island for a period of 10 years. Subsequently they purported to convey this right to the

---

[1] In reaching our conclusion we have not considered the excluded portion of the testimony of the attorney who drafted the easement, which was preserved in the record by an offer of proof.

4

defendants.  The Court held that this reservation was not exclusive as "there is nothing in the language used in the deed to indicate that such right was intended to be exclusive."  In the case at bar it will be noted that the grant of easement speaks of the right of the grantors to use the easement for "their private purposes" which would imply a limited use. Moreover, the language employed would be unnecessary if an unrestricted use was intended.

In conclusion, we believe that a slight modification of Section 3 of the Trial Court's decree is appropriate to conform to the language in the easement, and that Section 3 should be modified to read as follows:

> 3.  That the plaintiff, Sandra Baker Norris, and the defendants Dimitrios Michael Gounaris and wife Lila Richani Gounaris, shall be equally responsible for the maintenance of the right-of-way located across the Gounaris property if it is used by the Gounarises.

For the foregoing reasons the judgment of the Trial Court, as modified, is affirmed and the cause remanded for collection of costs below.  Costs of appeal are adjudged against the Defendants and their surety.

_____
Houston M. Goddard, P.J.

5

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.